IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN THOMAS SAKREKOV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-12-300-R |
| v. | ) | |
| | ) | |
| MARGARET GRISMER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Plaintiff is a federal prisoner who appears *pro se*. In this action, Plaintiff filed a Complaint on March 20, 2012, on the form provided for 42 U.S.C. § 1983 actions. In the Complaint, Plaintiff states that he is confined at the Federal Medical Center in Lexington, Kentucky, and Plaintiff names as Defendants four individuals who are identified as administrators and employees of the Federal Medical Center located in Lexington, Kentucky. Plaintiff further states that his action is being brought under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and he alleges that his Eighth Amendment rights have been violated due to deliberate indifference by prison officials to his serious medical needs. As relief, he seeks millions of dollars in compensatory and punitive damages as well as an injunction "prohibiting [federal Bureau of Prisons] from denying any other prisoners medical care based upon the length of their sentence." Complaint, at 12. The matter has been referred to the undersigned Magistrate Judge for initial proceedings

1

consistent with 28 U.S.C. § 636(b)(1)(B).

The gist of Plaintiff's claims in his Complaint are that BOP officials have denied or delayed providing Plaintiff a hip replacement operation although an orthopedic surgeon, Dr. O'Brian, stated that he needed this operation. Plaintiff also alleges that he has been provided only Elavil® to treat his pain and that this medication does not adequately remedy his pain.

The Court's records show that a previous action filed by Plaintiff in the United States District Court for the Western District of Arkansas was transferred to this Court on February 2, 2012. John Thomas Sakrekov v. United States of America, Case No. CIV-12-130-W. In that action, Plaintiff indicates that he is seeking damages for the denial or delay by BOP in providing him with a hip replacement operation. As factual support, he alleges, in relevant part and in his own words, that

> On 9-2-10 I arrived at CCA Mason, TN a federal holding facility. The doctor ther [sic] took X-Rays of my hip. He told me that I have advanced arthritis and when I get to my designation (BOP) that they will give me a hip replacement. So I waited, at that time I've been in pain for 3 year's now. On 12-8-10 I arrived at El Reno, ok FCI. It took until 2-28-11 to see an Orthopedic Surgeon (Dr. O'brian) he said I need surgery. But the adminastrator M. Grismer ANP said I wont be getting surgery because I only have 26 mos. left of my sentence. I have grade IV arthritis in my left hip (bone on bone), the pad is getting eaten away. My release date is May 9, 2013 My hip if left untreated - I will have been in pain day+night for a total of 5 ½ year's. So in March 2011 I started my Remedies . . . . In May 2011 the staff here made me start over. Then in Aug. 2011 on my BP-10 to Regions (Dallas) they are taking an extention.

Id. (Doc. # 1), att. 1 (Complaint). The action filed by Plaintiff in Case No. CIV-12-130-W named only the United States of America as a Defendant. The matter was referred to the

undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and on February 3, 2012, the undersigned entered an Order providing Plaintiff the opportunity to file an amended complaint as it was not clear whether he intended to seek relief from individual federal officials under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), or whether he intended to file an action solely against the United States of America under the Federal Tort Claims Act, 28 U.S.C. §2680(h). Plaintiff was given until February 23, 2012, to file his amended complaint. At his request, Plaintiff was subsequently given an extension of time until March 30, 2012, to file his amended complaint. In his motion for an extension of time, Plaintiff stated that he had been transferred to the Federal Medical Center in Lexington, Kentucky.

It plainly appears that the Complaint filed by Plaintiff in the new action, Case No. CIV-12-300-R, is actually Plaintiff's amended complaint that he intended to file in his pending action, Case No. CIV-12-130-W. Therefore, the new action, Case No. CIV-12-300-R, should be dismissed without prejudice to the filing of the amended complaint in the pending action, Case No. CIV-12-130-W.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be dismissed without prejudice, and that the Court Clerk be directed to file and docket the Complaint in this action as Plaintiff's amended complaint in his pending action, Sakrekov v. United States of America, Case No. CIV-12-130-W. Plaintiff is advised of the right to file

an objection to this Report and Recommendation with the Clerk of this Court by     April 16th    , 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this  27th  day of   March   , 2012.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE